STATE OF NORTH CAROLINA v. SHEILA GREER

No. 7325SC486

(Filed 11 July 1973)

1. **Constitutional Law §§ 31, 32— trial two days after appointment of counsel**

Where defendant was arrested on 3 August 1972 on a warrant, the indictment was returned in October 1972, and defendant filed an affidavit of indigency on 2 January 1973, the trial court did not err in appointing counsel for defendant on 2 January 1973 and placing de-

fendant on trial two days later where nothing occurred prior to the time defendant filed her affidavit of indigency to put the court or prosecution on notice that she could not provide her own counsel, no motion for a continuance was made and the record affirmatively shows that defendant was afforded effective assistance of counsel.

2. **Criminal Law § 113— recapitulation of testimony — no expression of opinion — failure to object**

In this prosecution for felonious distribution of heroin, the trial court did not misstate defendant's testimony and thereby express an opinion as to her credibility; furthermore, defendant waived objection to the court's recapitulation of the evidence by failing to object thereto at the trial.

ON *Certiorari* to review defendant's trial before *Falls, Judge,* 1 January 1973 Criminal Session of Superior Court held in CALDWELL County.

Defendant was indicted for feloniously distributing a controlled substance, LSD, by selling the same to one Nelson. She pled not guilty, was found guilty by the jury, and from judgment imposing a prison sentence, gave notice of appeal to the Court of Appeals. Petition for certiorari was granted to permit perfection of the appeal.

*Attorney General Robert Morgan by Associate Attorney General Ralf F. Haskell for the State.*

*Paul L. Beck for defendant.*

PARKER, Judge.

[1] Defendant was arrested on 3 August 1972 on a warrant which charged the offense for which she was ultimately tried and convicted. The indictment on which she was tried was returned as a true bill in October 1972. On 2 January 1973 she filed her affidavit of indigency and on the same date the court appointed Paul L. Beck attorney to represent her. Her trial occurred on 4 January 1973. She now contends that the trial court erred "in appointing counsel for defendant on 2 January 1973 and then placing defendant on trial on 4 January 1973." We find this contention without merit.

While "[u]nquestionably, the courts should make every effort to effect early appointments of counsel in all cases," *Chambers v. Maroney,* 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975, in the present case the court did appoint counsel on the same day defendant's affidavit of indigency was filed. So far as

the record reveals nothing occurred prior to that date to put the court or the prosecution on notice that defendant was not well able to provide her own counsel. Further, the record affirmatively shows that defendant was afforded effective assistance of counsel at her trial. The case was a simple one factually and presented no unusual or difficult legal questions. The trial was completed in a single day. The State's witnesses were adequately cross-examined and defendant's alibi defense was fully developed through witnesses presented in her behalf. Nothing in the record suggests that defendant's counsel was in any way hampered by lack of time in preparing for and representing her at the trial. Apparently neither defendant nor her counsel then felt that additional time would have been to her advantage, for no motion for continuance was made. This assignment of error is overruled.

[2] We find defendant's only other assignment of error also without merit. In this she contends that in charging the jury the trial judge misstated her testimony and thereby expressed an opinion as to her credibility. Review of the record, however, reveals that the trial judge recapitulated defendant's testimony with reasonable accuracy and in no way expressed any opinion as prohibited by G.S. 1-180. "Furthermore, it is the general rule that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal." *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28. The record does not indicate any objection made by defendant at the trial to the court's recapitulation of her testimony.

In defendant's trial and the judgment imposed, we find

No error.

Judges CAMPBELL and MORRIS concur.